**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF | |
| TODD MORELAND, <br> 2360 Prytania Circle <br> Navarre, Florida 32566 | UNITED STATES DISTRICT COURT <br> EASTERN DISTRICT OF NEW YORK |
| Plaintiff, | |
| vs. | |
| | CASE NO.: 2:17-cv-7477 |
| LIBERTY MARITIME CORPORATION, individually and AS OWNER AND OPERATOR AND/OR OWNER *PRO HAC VICE* OF THE M/V LIBERTY PROMISE <br> 1979 Marcus Avenue, Suite 200 <br> Lake Success, NY 11042 <br> Lake Success, NY, United States | **COMPLAINT IN ADMIRALTY** <br><br> **JURY TRIAL DEMANDED** |
| AND | |
| LIBERTY PROMISE CORPORATION, individually and AS OWNER AND OPERATOR AND/OR OWNER *PRO HAC VICE* OF THE M/V LIBERTY PROMISE <br> 1979 Marcus Avenue, Suite 200 <br> Lake Success, NY 11042 <br> Lake Success, NY, United States | |
| AND | |
| LIBERTY MARITIME SERVICES CORPORATION, individually and AS OWNER AND OPERATOR AND/OR OWNER *PRO HAC VICE* OF THE M/V LIBERTY PROMISE <br> 1979 Marcus Avenue, Suite 200 <br> Lake Success, NY 11042 <br> Lake Success, NY, United States | |
| Defendants. | |

1

## SEAMAN'S COMPLAINT IN ADMIRALTY FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff Todd Moreland, by and through his undersigned counsel, hereby files this Complaint in Admiralty, and aver in support as follows:

## INTRODUCTORY STATEMENT

1. This action is brought under admiralty law as modified by the Jones Act, 46 U.S.C. §688 and §30104, for injuries to a Seaman. It is also brought pursuant to the General Maritime Law.

2. Plaintiff, Todd Moreland, as a Jones Act Seaman, brings this action without the prepayment of fees or costs or furnishing security in accordance with the provisions of 28 U.S.C. § 1916.

3. Plaintiff demands a jury trial on the causes of action averred herein.

## PARTIES

4. The preceding averments are incorporated herein by reference as if fully set forth at length.

5. At all times relevant herein, Plaintiff was an adult individual and a citizen of the United States of America residing at 2360 Prytania Circle, Navarre, Florida 32566, in the County of Santa Rosa. He was and is a United States Seaman in the United States Merchant Marine.

6. At all times relevant herein, **Defendant LIBERTY MARITIME CORPORATION (hereinafter referred to as "LMC")**, is a domestic Corporation authorized to do and doing business in the County of Nassau, New York.

7. At all times relevant herein, **Defendant LMC**, acted by and through its respective agents, servants, workmen, employees and/or alter egos who were acting within the scope of their authority.

8. At all times relevant herein, **Defendant LMC** also served as owner and operator and/or owner *pro hac vice* of the M/V LIBERTY PROMISE.

9. At all times relevant herein, Defendant **LIBERTY PROMISE CORPORATION (hereinafter referred to as "LPC")**, is a domestic Corporation authorized to do and doing business in the County of Nassau, New York.

10. At all times relevant herein, **Defendant LPC**, acted by and through its respective agents, servants, workmen, employees and/or alter egos who were acting within the scope of their authority.

11. At all times relevant herein, **Defendant LPC** also served as owner and operator and/or owner *pro hac vice* of the M/V LIBERTY PROMISE.

12. At all times relevant herein, **Defendant LIBERTY MARITIME SERVICES CORPORATION (hereinafter referred to as "LMSC")**, is a domestic Corporation authorized to do and doing business in the County of Nassau, New York.

13. At all times relevant herein, **Defendant LMSC**, acted by and through its respective agents, servants, workmen, employees and/or alter egos who were acting within the scope of their authority.

14. At all times relevant herein, **Defendant LMSC** also served as owner and operator and/or owner *pro hac vice* of the M/V LIBERTY PROMISE.

15. All Defendants are jointly and severally liable for the injuries and damages described in this action, and **all Defendants will be collectively referred to hereinafter as *"LMC, et al."***

16. At all times relevant herein, **Defendants LMC, et al.** were undercapitalized, failed to adhere to corporate formalities, and/or intermingled corporate and personal affairs and/or were alter egos of each other.

## JURISDICTION AND VENUE

17. The jurisdiction of this Court is invoked as Plaintiff was at all times pertinent, a seaman entitled to the benefits of Admiralty, General maritime laws, Section 33 of the Merchant Marine Act of 1920 (46 U.S.C.A. § 688, hereinafter the "Jones Act", Judiciary Act of 1789 (28 U.S.C. § 1333(1)) and under other applicable statutory laws, ordinances, regulations, and common laws of the United States of America and State of New York. This is an admiralty or maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure.

18. The complainant, Todd Moreland, is a citizen of the State of Florida.

19. The **Defendants LMC, et al** are corporations incorporated under the laws of New York, with their principal place of business in New York.

20. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S. C. 1332.

21. Complainant, Todd Moreland, is an American Seaman. Complainant's claims against defendants arise pursuant to the admiralty and maritime laws of the United States and the Jones Act and, upon trial of this matter, complainant would show that his injuries occurred in whole or in part as a result of the negligence of defendants, its agents, servants and/or employees, and the unseaworthiness of defendants vessel.

22. Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States and that **Defendants LMC, et al** are New York Corporations domiciled in the County of Nassau, New York and do business in this Honorable District and, and they are amenable to process here.

## **FACTS**

23. All preceding averments are incorporated herein by reference as if fully set forth at length.

24. At all relevant times herein, **Defendants LMC, et al** owned, owned *pro hac vice*, possessed, controlled, operated, maintained, serviced, repaired, inspected, manned, managed and/or was the bareboat charterer of the Vessel M/V Liberty Promise (hereinafter "the Vessel"), including its equipment and appurtenances, that should have been reasonably fit for their intended use in the transportation of freight for hire on navigable waters.

25. At all relevant times herein, **Defendants LMC, et al** employed Plaintiff as a Second Engineer working aboard and assigned to the Vessel and, in that capacity, he served as a "Seaman" as that term is used in the Jones Act, 46 U.S.C. § 30104.

26. At all relevant times herein, **Defendants LMC, et al** controlled, directed, instructed and trained the crew of the Vessel and was otherwise responsible for the conduct of that crew.

27. At all times pertinent, Todd Moreland was injured while acting within the course and scope of this employment as a seaman assigned to the M/V Liberty Promise and while employed by the **Defendants LMC, et al**.

28. At all times relevant, Todd Moreland contributed to the mission and purpose of the Vessel.

29. On or about February 13, 2015, while the Vessel was in navigable waters, Plaintiff was acting in the course and scope of his employment as a second engineer and, pursuant to orders, was engaged in responding to an emergency engine alarm which sounded during a watch he was assigned

30. On or about February 13, 2015, while in the process of responding to the engine alarm, pursuant to orders, Plaintiff was caused to suffer an accident and severe injuries to his body due to Defendants LMC, et al's negligence and the unseaworthiness of the Vessel, when he slipped and fell on an unsafe and dangerous icy and/or snowy and/or wet condition on the deck of the ship while on his only available route to the engine room and did not have a choice in ways.

31. As a result of the legal fault, negligence, carelessness and omission of duty of **Defendants LMC, et al**, and/or by reason of the unseaworthiness of M/V Liberty Promise, and without any legal fault, negligence, carelessness or omission of duty on Plaintiff's fault, Plaintiff Todd Moreland has sustained injuries to his head, neck, jaw,

6

body, and other physical and mental injuries that have required and will require extensive treatment, and resulting in extensive damages as follows:

(a) Past present and future physical and mental pain, suffering, disability, humiliation, disfigurement, impairment and inconvenience;

(b) Loss of enjoyment of life and life's pleasures, the ability to pursue happiness, inconvenience under normal pursuits and pleasures of life, and feeling of economic insecurity caused by disability.

(c) Past, present and future loss of income and impairment of earning capacity;

(d) Past, present and future medical expenses;

(e) Maintenance per day in an amount to be set by the Court;

(f) Medical mileage;

(g) Cure;

(h) Found; and

(i) any other damages which may be proven at the trial of this matter.

32. As a result of the above-mentioned injuries, Plaintiff has been declared unfit for duty with the United States Coast Guard and will remain so for the foreseeable future, thus resulting in past, present and future lost wages.

33. The aforesaid injuries resulted solely and only form the negligence and omissions of the **Defendants LMC, et al**, and its agents and employees and/or the un-seaworthiness of the M/V Liberty Promise.

34. At all times pertinent, **Defendants LMC, et al**, maintained the power to control and direct and it did control and direct the activities of Plaintiff Todd Moreland.

7

35. The **Defendants LMC, et al** owed to Plaintiff Todd Moreland, a duty to supply an adequate and competent crew.

36. **Defendants LMC, et al**, owed to Plaintiff, Todd Moreland, a duty to furnish him a safe place to work and to provide for the safety and medical treatment of Plaintiff, and **Defendants LMC, et al** failed to do so. Such negligent acts and omissions were the cause of the injuries and damages sustained by Plaintiff, Todd Moreland.

37. **Defendants LMC, et al** could have made Plaintiff Todd Moreland's working conditions safe through the exercise of reasonable care and establishing safety precautions over known dangerous locations, though failed to do so, and such negligent acts and omissions are the cause of the injuries sustained by Plaintiff Todd Moreland.

38. **Defendants LMC, et al** knew or should have known of the dangerous conditions on the deck, failed to do an adequate job hazard analysis and/or job safety analysis and/or job site analysis, at the time of and at the place where the work was being performed at the time of Plaintiff's injury, and failed to remedy to dangerous conditions on the ship's deck.

39. The **Defendants LMC, et al** were incompetent in the performance of their duties and failure to allow for adequate safety precautions to be taken, which would have made the dangerous location safe and could have prevented Plaintiff's injuries.

40. At all times pertinent, **Defendants LMC, et al**, acting by and through its agents, employees and servants were negligent; and such negligence was the proximate cause of the complained of injuries to Plaintiff Todd Moreland.

41. The injuries to Plaintiff as aforesaid were caused by the negligence and carelessness of **Defendants LMC, et al**, their employees, officers, agents and servants in:

(a) Negligently causing, allowing and permitting Plaintiff to be injured;

(b) Failing to properly assess its work activity to determine whether there were hazards present, or likely to be present, which necessitated Plaintiff's use of any tool, device, method or action to safely perform that work activity;

(c) Failing to recognize that a hazard of physical injury existed for Plaintiff and that this hazard necessitated the use of any tool, device, method or action to safely perform that work activity safely;

(d) Failing to provide adequate, proper, and sufficient hazard prevention controls at the time of, and the place where, the work was being performed when Plaintiff was injured;

(e) Failing to provide the proper tool, device, method or action that would have allowed Plaintiff to safely perform his work activity or, if such tool, device, method or action were provided, failing to communicate that fact to Plaintiff;

(f) Failing to ensure that Plaintiff used the appropriate tool, device, method or action-to safely perform his work activity;

(g) Failing to adequately train Plaintiff regarding the use of appropriate tool, device, method or action to safely perform his work activity;

(h) Failing to provide Plaintiff with adequate, proper and sufficient training;

(i) Failing to ensure that Plaintiff demonstrated the ability to perform his work activity safely and/or properly use appropriate tool, device, method or action to safely perform his work activity;

(j) Negligently failing to warn Plaintiff of the dangerous and hazardous conditions in the work place which caused it to be unfit, unsafe, and unsuitable as aforesaid;

(k) Failing to take precautions to prevent, or for that matter, in failing to take any precautions to prevent the unfit, unsafe, and unsuitable work conditions which then and there existed;

(l) Negligently failing to promulgate, adopt and enforce proper and safe practices, policies, procedures and rules of seamanship in the supervision of work on and around the Vessel, and designed specifically to prevent the injuries and damage suffered by Plaintiff;

(m) Failing to correct and make safe dangerous conditions that were known or should have been known to exist by **Defendants LMC, et al**;

(n) Failing to provide Plaintiff with a safe place to work;

(o) Failing to provide a seaworthy vessel for Plaintiff;

(p) Failing to provide Plaintiff with an adequate number of competent co-employees;

(q) Violation of American Society for Testing and Materials (ASTM) Standards dealing with maritime industry human factors; and/or

(r) Such other negligent acts, violations and omissions as may yet be discovered during the litigation.

42. Plaintiff, Todd Moreland, in no way contributed to or caused his injuries.

43. At the time, and on the occasion in question, defendants were in violation of health and safety regulations as set forth by the Occupational Safety and Health Administration (OSHA), The United States Coast Guard (USCG), which are defined in the United States Code of Federal Regulation, as well in other written safety manual and directives from those agencies, and/or Statutes in such violations resulting in Plaintiff's injuries and damages alleged herein.

44. The **Defendants LMC, et al** failed in their duties owed to Plaintiff and did not furnish a seaworthy vessel; and such un-seaworthiness proximately caused the injuries and damages sustained by Plaintiff Todd Moreland.

45. As a result of the negligence of **Defendants LMC, et al**, and the unseaworthiness of M/V Liberty Promise, Plaintiff Todd Moreland, a seaman, was injured in the course of his employment as a crew member assigned to the Vessel which was operating in navigable waters.

46. By reason of the relationship between Plaintiff Todd Moreland, as a member of the crew of a vessel in navigable waters and the **Defendants LMC, et al**, as plaintiff's Jones Act employer and/or the owner pro hac vice, and/or operator of the vessel and plaintiff's master and/or employer, Plaintiff Todd Moreland is entitled to recover maintenance and cure for such time as he has been and will be either convalescing from his injuries, under medical care, or reaching his maximum medical cure; and Plaintiff Todd Moreland hereby demands maintenance and cure benefits from the **Defendants LMC, et al**.

### FIRST CAUSE OF ACTION

*Claim for Relief Under the Jones Act, 46 U.S.C. §30104*
*and the General Maritime Law*
*ALL DEFENDANTS*

47. All preceding averments are incorporated herein by reference as if fully set forth at length.

48. At all times relevant herein, **Defendants LMC, et al** owed Plaintiff a duty to exercise reasonable care in the operation, control, maintenance, service, repair and inspection of

      the area on and around the Vessel, as well as the equipment on and around the Vessel, and owed Plaintiff a duty to exercise reasonable care in the control, direction, instruction and training of the Vessel's crew.

49.    The injuries to Plaintiff were caused by the aforesaid negligence and carelessness of **Defendants LMC, et al**, its employees, officers, agents and servants.

Wherefore, Plaintiff demands judgment against **Defendants LMC, et al** in an amount in excess of $4,000,000.00 for maintenance, cure, medical expenses, lost wages, interest, costs and attorney's fees, as well as such other relief as the Court may deem just.

## SECOND CAUSE OF ACTION

*Claim for Relief Under Under the Jones Act, 46 U.S.C. §30104*
*and the General Maritime Law*
*(Maintenance and Cure)*
ALL DEFENDANTS

50.    All preceding averments are incorporated herein by reference as if fully set forth at length.

51.    At all times relevant herein, **Defendants LMC, et al** owed Plaintiff a duty to exercise reasonable care in the operation, control, maintenance, service, repair and inspection of the area on and around the Vessel, as well as the equipment on and around the Vessel, and owed Plaintiff a duty to exercise reasonable care in the control, direction, instruction and training of the Vessel's crew.

52. The injuries to Plaintiff were caused by the aforesaid negligence and carelessness of **Defendants LMC, et al**, their employees, officers, agents and servants.

53. Plaintiff, by virtue of his service on the Vessel, claims maintenance and cure for the period of his disability.

54. **Defendants LMC, et al**, have been callous, recalcitrant, arbitrary, capricious, and have acted without good cause in their refusal to provide maintenance and cure. They have not acted in good faith in this respect and, therefore, Plaintiff requests punitive damages.

Wherefore, Plaintiff demands judgment against **Defendants LMC, et al** in an amount in excess of $4,000,000.00 for maintenance and cure, punitive damages, lost wages, interest, costs and attorney's fees, as well as such other relief as the Court may deem just.

### THIRD CAUSE OF ACTION
*Damages Relating to the Unseaworthiness of the Vessel*
*Under the General Maritime Law*
*ALL DEFENDANTS*

55. All preceding averments are incorporated herein by reference as if fully set forth at length.

56. Pursuant to the General Maritime Law, **Defendants LMC, et al,** had an absolute and non-delegable duty to provide Plaintiff with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

57. At all times relevant herein, the unseaworthiness of the Vessel proximately caused the Plaintiff to suffer the injuries and damages hereinabove described.

Wherefore, Plaintiff demands judgment against **Defendants LMC, et al** in an amount in excess of $4,000,000.00 with interest, costs, attorney's fees and such other relief as the Court may deem just.

## FOURTH CAUSE OF ACTION

*Claim for Relief For Negligence Under the General Maritime Law*
ALL DEFENDANTS

58. All preceding averments are incorporated herein by reference as if fully set forth at length.

59. At all times relevant herein, **Defendants LMC, et al** owed Plaintiff a duty to exercise reasonable care in the operation, control, maintenance, service, repair and inspection of the area on and around the Vessel, as well as the equipment on and around the Vessel, and owed Plaintiff a duty to exercise reasonable care in the control, direction, instruction and training of the Vessel's crew.

60. The injuries to Plaintiff were caused by the aforesaid negligence and carelessness of **Defendants LMC, et al**, its employees, officers, agents and servants.

61. Plaintiff seeks non-pecuniary damages from **Defendants LMC, et al** under the General Maritime Law and, as such, seeks damages for pain, suffering, humiliation, disfigurement and loss of life's pleasures.

Wherefore, Plaintiff demands judgment against **Defendants LMC, et al** in an amount in excess of $4,000,000.00 for pain, suffering, humiliation, disfigurement, loss of life's pleasures, interest, costs and attorney's fees, as well as such other relief as the Court may deem just.

**WHEREFORE**, Plaintiff Todd Moreland hereby respectfully requests that a copy of this Complaint be served on all defendants, that each be cited to appear and answer same and that after due proceedings are had that there be judgment rendered herein in favor of complainant, Todd Moreland, and against all defendants, jointly and severally, for an amount in excess of $4,000,000.0 and/or for all sums as are reasonable in the circumstances, together with legal interest thereon, punitive damages, attorney fees, pre and post-judgment interest as allowed by law, for all costs of these proceedings, for all general and equitable relief, that there be trial by jury and that Plaintiff as a seaman be allowed to proceed without prepayment of costs.

                                  **Respectfully submitted,**

                              **BY:  /s/ *Kevin M. Krauss***
                                  **KEVIN M. KRAUSS, ESQUIRE**
                                  **334 West Front Street**
                                  **Media, PA 19063**
                                  **Phone: (610) 892-9200**
                                  **Fax: (610) 565-5393**
                                  kkrauss@krausslawoffice.com
                                  **ATTORNEY FOR PLAINTIFF**

Dated: December 22, 2017

## VERIFICATION

I, TODD MORELAND, being duly sworn according to law, depose and say, that I am the Plaintiff in this matter, and that the facts contained in the foregoing document are true and correct, to the best of my knowledge, information, and belief. This affirmation is made subject to the Federal Rules of Civil Procedure.

BY:

*Todd Moreland*

TODD MORELAND